UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF
SOUTH CAROLINA
Case No. 4:11-cv-00308-RBH

| | |
|---|---|
| CHU'S PACKAGING, INC. ) | |
| PLAINTIFF ) | |
| ) | |
| ) | **ORDER FOR JUDGMENT** |
| V. ) | |
| ) | |
| SANDHILL QUILTING CO., INC. ) | |
| DEFENDANT ) | |
| _____ ) | |

This case is before the court on Plaintiff's Motion for Judgment by Default. The suit is for collection of a debt against a corporation domiciled in this division. Jurisdiction is based on diversity of citizenship.

Plaintiff seeks judgment by default. Rule 55(b) FRCP. Plaintiff has previously moved for entry of default (Document 006). The defendant is a corporation and not an infant or incompetent person and is not entitled to relief under the Soldiers and Sailors Civil Relief Act. The Complaint is for goods delivered to Defendant in the amount One Hundred Eighty-nine Thousand Nine Hundred Twenty-four and 42 100ths ($189,924.42) and also seeks prejudgment interest and costs. Plaintiff submitted the affidavit of Paul A. Chu in support of the Motion which includes the ledger for Defendant's account along with a spreadsheet calculating interest.

Upon default, the allegations of the Complaint are deemed to be admitted. The Court, however, can determine whether the facts alleged support the relief requested. *Ryans v. Homecomings Financial Network*, 253 F.3d 778, 781 (4th Cir. 2001).

The Court finds there is no need for an evidentiary hearing and that a decision is properly reached on the basis of the uncontested pleadings and detailed affidavits submitted.  *See* Fed. R. Civ. P. 55(b)(2)("The Court may conduct hearings . . . when, to enter or effectuate judgment, it needs to:  (A) conduct an accounting; (B) determine the amount of damages; (c) establish the truth of any allegation by evidence; or (D) investigate any other matter."); *Anderson v. Foundation for Advancement, Education and Employment of American Indians*, 155 F.3d 500, 507 (4th Cir. 1998)("[I]n some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing.") "If the defendant does not contest the amount pleaded in the complaint and the claim is for a sum that is certain or easily computable, the judgment can be entered for that amount without further hearing." *JTH Tax, Inc. v. Smith*, No. 2:06cv76, 2006 WL 1982762, at *2 (E.D. Va. June 23, 2006).

The Court has reviewed the Plaintiff's submissions, and has determined that they adequately support the Plaintiff's claims and provide a reasonable basis upon which to rest an award of damages that is easily computable. Simple mathematical computations are supported by a detailed affidavit and documentary evidence and thus no evidentiary hearing is necessary.

Plaintiff seeks judgment in the amount of One Hundred Eighty-nine Thousand Nine Hundred Twenty-four and 42/100ths ($189,924.42) Dollars.  Plaintiff also seeks prejudgment interest in the amount of Forty Four Thousand Four Hundred Eighty-one and 42/100ths ($44,481.42) Dollars.  The prejudgment interest is calculated from the client ledger and the South Carolina statutory interest rate of eight and three quarters percent.  S.C. Code of Laws Section 34-31-20. Defendant has been credited with a payment of One Thousand Five Hundred ($1,500.00) Dollars paid through a collection agency on April 21, 2011. Plaintiff also seeks costs of Three

Hundred Fifty ($350.00) Dollars for the Filing Fee and Fifteen ($15.00) Dollars for the cost of service.

The sums requested are supported by the affidavit and the interest calculation is simple mathematics. The Court is satisfied with the evidence before it.

The Court finds that Plaintiff Chu's Packaging shall have judgment against Sandhill Quilting Co. Inc. in the amount of One Hundred Eighty-nine Thousand Nine Hundred Twenty-four and 42/100ths ($189,924.42) Dollars plus prejudgment interest in the amount of Forty Four Thousand Four Hundred Eighty-one and 42/100ths ($44,481.42) Dollars for a total of Two Hundred Thirty-four Thousand Four Hundred Five Dollars and 84/100 ($234,405.84) Dollars plus costs of Three Hundred Sixty-five ($365.00) Dollars.

**IT IS SO ORDERED**.

> s/ R. Bryan Harwell
> R. BRYAN HARWELL
> UNITED STATES DISTRICT JUDGE

May 31, 2011